LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Michael Brown (WB 6828)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CHIW YIN CHAN and JIESHENG LIN,<br>*on behalf of themselves, FLSA Collective Plaintiffs*<br>*and the Class,* | |
| Plaintiffs, | Case No.: |
| v. | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| | **Jury Trial Demanded** |
| 520 ASIAN RESTAURANT CORP. d/b/a Chef Yu<br>and TEO SU JIN, | |
| Defendants. | |

---

Plaintiffs, CHIW YIN CHAN and JIESHENG LIN (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby file this Complaint against Defendants, 520 ASIAN RESTAURANT CORP. d/b/a Chef Yu ("Corporate Defendant") and TEO SU JIN ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wage resulting from an invalid tip credit,

(3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wage resulting from an invalid tip credit , (3) unpaid "spread of hours" pay, (4) liquidated damages, (5) statutory penalties, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff CHIW YIN CHAN is a resident of Kings County, New York.

6.      Plaintiff JIESHENG LIN is a resident of Kings County, New York.

7.      Corporate Defendant, 520 ASIAN RESTAURANT CORP. d/b/a Chef Yu, is a New York business corporation that owns and operates Chef Yu, a restaurant located at 520 Eighth Avenue, New York, New York 10018. Corporate Defendant has an address for service of process and principal place of business with the same address.

8.      Individual Defendant, TEO SU JIN, is the Chief Executive Officer of Corporate Defendant. TEO SU JIN had and exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs, and Class members. With respect to Plaintiffs, FLSA Collective Plaintiffs, and Class members, TEO SU JIN had and exercised the power and authority to (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality,

terms, and conditions of their employment. At all times, employees could complain to TEO SU JIN directly regarding any of the terms of their employment, and TEO SU JIN would have the authority to effect any changes to the quality and terms of their employment. TEO SU JIN exercised functional control over the business and financial operations of Corporate Defendant and had authority over all employee-related decisions including payroll, personnel, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs, and Class members. TEO SU JIN ensured the business was operating efficiently and profitably.

9.      At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

11.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons, including, but not limited to waiters, servers, runners, delivery persons, cooks, dishwashers, and food preparers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them overtime compensation at the proper overtime rate of one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek. Further, a subclass of FLSA Collective Plaintiffs who were tipped employees (i.e., bartenders, servers, runners, and bussers, etc.) also suffered from Defendants' failure and refusal to pay them the proper minimum wage and proper overtime rate for all hours worked due to an invalid tip credit deduction. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the FLSA, or to compensate FLSA Collective Plaintiffs at sub-minimum wage base hourly rates, because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14.     Defendants unlawfully failed to pay Plaintiffs and FLSA Collective Plaintiffs the federal minimum wage for all hours worked.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, cleaning persons, hosts/hostesses, cashiers, counter persons, bartenders, servers, runners, delivery workers, and bussers) employed by Defendants at Little Sheep Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

17.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts from which the calculation of that number can be obtained are presently within the sole possession and custody of Defendants, there is no doubt that there are over one hundred (100) members of the Class. The Class further includes a subclass of tipped employees comprising bartenders, servers, runners, delivery workers, and bussers ("Tipped Subclass") who number more than forty (40).

19.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to compensate them for all hours worked due to Defendants' policy and practice of time-shaving, (ii) failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, (iii) failing to pay them proper spread of hours premiums required by the New York Labor Law when their workdays exceeded ten (10) hours, (iv) failing to provide proper wage statements per requirements of the NYLL, and (v) failing to provide proper wage notices per requirements of the NYLL. Defendants' corporate-wide policies and

practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

20.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     **Existence of Common Questions of Fact and Law**: There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including the following:

   a.   Whether Defendants employed Plaintiffs and Class members within the meaning of the New York Labor Law;

   b.   What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding regarding the compensation of Plaintiffs and Class members;

   c.   At what common rates, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

   d.   Whether Defendants properly notified Plaintiffs and Class Members of their regular hourly rate and overtime rate;

   e.   Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the New York Labor Law;

   f.   Whether Defendants took proper tip credit deductions against the minimum wage from Plaintiffs' and Tipped Subclass members' wages,

g.  Whether Defendants paid Plaintiffs and the Class members overtime wages at a proper rate of at least one-and-one-half times their regular rates of pay for their hours worked in excess of forty (40) per workweek;

h.  Whether Defendants paid Plaintiffs and Class members the proper "spread of hours" pay for workdays which exceeded ten (10) hours, pursuant to the New York Labor Law;

i.  Whether Defendants instituted an invalid tip pool whereby employees whose majority responsibilities were non-tipped participated in the tip pool;

j.  Whether Defendants properly provided notices to Plaintiffs and Tipped Subclass members stating that Defendants were taking a tip credit;

k.  Whether Defendants provided proper wage statements informing Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

l.  Whether Defendants kept the proper payroll records as required by the New York Labor Law;

m.  Whether Defendants kept daily records of tips earned by Plaintiffs and Tipped Subclass members;

n.  Whether Defendants provided proper wage statements to Plaintiffs and Class members with all of the required information under the New York Wage Theft Prevention Act; and

o.  Whether Defendants provided proper wage and pay rate notices to Plaintiffs and Class members with all of the required information under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

24. In 2006, Plaintiff CHIW YIN CHAN ("Plaintiff Chan") was hired by Defendants and/or their predecessors, as applicable, to work as a waiter for Defendants' restaurant, Chef Yu, located at 520 Eighth Avenue, New York, New York 10018.

25. Plaintiff Chan is still currently employed by Defendants.

26. At all relevant times, Plaintiff Chan was scheduled to work, and did in fact work between 42 and 45 hours per week.

27. During the employment of Plaintiff Chan by Defendants, she worked over forty (40) hours per week, and her workdays lasted over ten (10) hours on four days each week.

28. Plaintiff Chan was paid by Defendants in cash from the beginning of her employment until November 2013. From December 2013 through the present, Defendants paid Plaintiff Chan by weekly paychecks.

29. At all relevant times, Plaintiff Chan was paid a fixed salary.

30. Plaintiff Chan's pay stubs show that from December 2013 to February 2014, Defendants paid her a fixed salary of $245 each week, equivalent to a regular rate of $6.13. From December 2018 to March 2019, Defendants paid Plaintiff Chan a fixed salary of $385 per week, equivalent to a regular rate of $9.63 per hour and overtime rate of $12.15 per hour.

31. Despite regularly having workdays which exceeded ten hours, Plaintiff Chan never received "spread of hours" pay.

32. Plaintiff Chan never received a wage notice from Defendants, nor did she receive a tip credit notice at any time during her employment by Defendants.

33. From the beginning of her employment until around December 2017, Plaintiff Chan was required to sign off on her hours. Starting in or around January 2018, Defendants required Plaintiff Chan to clock in and out of work.

34. Plaintiff JIESHENG LIN ("Plaintiff Lin") was hired by Defendants in or around July 2015 to work as a waiter for Chef Yu. Plaintiff Lin worked for Defendants until June 2018.

35. Plaintiff Lin worked 23 hours each week on average during his employment by Defendants.

36. In 2015, Plaintiff Lin was paid $5.00 per hour. In 2016, Plaintiff Lin was paid $7.50 per hour. In 2017, Plaintiff Lin was paid $7.50 per hour. In 2018, Plaintiff Lin was paid $8.65

per hour.

37. Plaintiff Lin never received a wage notice from Defendants, nor did he receive a tip credit notice at any time during his employment by Defendants.

38. During his employment by Defendants, Plaintiff Lin was required to clock in and out of work.

39. Plaintiffs' tips were pooled and split among all of the waiters at Chef Yu. With respect to some of the waiters who participated in and received a share of the tip pool, the majority of their job duties were non-tipped.

40. Plaintiffs received inaccurate wage statements from Defendants that failed to accurately reflect the amounts of tips and gratuities they earned and failed to pay them at the proper minimum wage and overtime rate for their hours worked.

41. Defendants failed to maintain accurate daily records of tips earned by Plaintiffs and Class members.

42. Based on Plaintiffs' direct observations and conversations with their coworkers, all non-exempt employees of Defendants similarly were not paid the proper compensation, including the minimum wage, overtime compensation, and "spread of hours" pay.

43. Defendants knowingly and willfully failed to pay Plaintiffs and Class members the statutory minimum wage and overtime rate, in violation of the New York Labor Law. Defendants were not entitled to take a tip credit because (i) they failed to provide Plaintiffs and Class members with any verbal or written notice they were taking a tip credit against their wages, and (ii) Defendants instituted an invalid tip pool whereby employees whose job duties were mostly non-tipped received a share of the tips.

44. Defendants knowingly and willfully operated their business with a policy of not

paying Plaintiffs and Class members the New York State "spread of hours" pay for workdays spanning over ten (10) hours.

45. Defendants knowingly and willfully failed to provide Plaintiffs and Class members with a wage notice, in violation of the New York Labor Law.

46. Defendants knowingly and willfully failed to provide Plaintiffs and Class members with an accurate wage statement with each payment of wages, in violation of the New York Labor Law.

47. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiffs reallege and incorporate Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. Upon information and belief, at all relevant times Corporate Defendant had gross revenues in excess of $500,000.

11

52. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked per workweek.

53. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs the statutory minimum wage for their hours worked per workweek.

54. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek pursuant to the FLSA.

55. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation at the statutory overtime rate for hours worked in excess of forty hours per workweek pursuant to the FLSA.

56. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs, are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory minimum wage for all hours worked when Defendants knew or should have known such was due.

58. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the

statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

59. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

60. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to recover liquidated damages pursuant to the FLSA.

61. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and unreimbursed expenses of tools of trade, plus an equal amount as liquidated damages.

62. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

63. Plaintiffs reallege and reaver Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of at least one and one-half times the statutory minimum wage for their hours worked in excess of forty hours each workweek.

66. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay

them minimum wages in the lawful amount for their hours worked.

67. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them "spread of hours" pay for each workday that exceeded ten (10) hours.

68. Defendants failed to provide an accurate wage statement to Plaintiffs and Class members with each wage payment, in violation of the New York Labor Law.

69. Defendants failed to provide a proper wage notice to Plaintiffs and Class members, in violation of the New York Labor Law.

70. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" pay, damages for unreasonably delayed payments, liquidated damages, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

b.   A preliminary and permanent injunction to prohibit Defendants from violating the Fair Labor Standards Act;

c.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.   An award of unpaid overtime compensation due under the FLSA and New York

Labor Law;

e.      An award of unpaid minimum wages due under the FLSA and New York Labor Law;

f.      An award of unpaid "spread of hours" pay due under the New York Labor Law;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, and "spread of hours" pay, pursuant to the New York Labor Law;

h.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

i.      An award of statutory penalties as a result of Defendants' failure to comply with the New York Labor Law wage notice and wage statement requirements;

j.      Designation of this action as a class action pursuant to §§ 901 and 902 of the C.P.L.R. for the class of employees described herein;

k.      Designation of Plaintiffs as Representatives of the Class;

l.      Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

m.      An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and others similarly situated, demand a trial by jury on all issues so triable as of right by jury.

Dated: October 14, 2019
       New York, New York

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*

By:  */s/ C.K. Lee*
     C.K. Lee (CL 4086)