UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                      :

CHIW YIN CHAN and JIESHENG LIN,         :

                       :

              Plaintiffs,          :

                       :                         19-CV-9521 (JPC)

          -v-                  :

                       :                            ORDER

520 ASIAN RESTAURANT CORP. and TEO SU JIN, :

                       :

             Defendants.        :

                       :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/1/2020__

JOHN P. CRONAN, United States District Judge:

      In this Fair Labor Standards Act case, Plaintiffs advised the Court on November 5, 2020 that they have accepted Defendants' offer of judgment pursuant to Federal Rule of Civil Procedure 68. Dkt. 54. The parties, however, have failed to file the documents that Rule 68(a) requires. The Court therefore declines to direct the Clerk to enter judgment at this time, but invites the parties to either supplement their filing or further brief the issue, as discussed below.

      Rule 68(a) states that:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). The text of the Rule therefore requires that after a plaintiff accepts a Rule 68 offer and serves written notice of acceptance, either the plaintiff or defendant then may file four items so that the Clerk must enter judgment: (1) the offer; (2) the notice of acceptance; (3) proof of service of the offer; and (4) proof of service of the notice of acceptance. *Id.*

      On November 5, 2020, Plaintiffs here satisfied the first two requirements by filing

Defendants' offer, Dkt. 54-1, and Plaintiffs' notice of acceptance, Dkt. 54.  Plaintiffs also filed a proposed judgment.  Dkt. 55.  On November 13, 2020, the Court explained that "the parties failed to comply with the requirements of Rule 68(a)" and did not direct the Clerk to enter judgment.  Dkt. 58.  Instead, the Court ordered the parties to file proof of service.  Dkt. 58.  That same day, Defendants filed proof of service upon Plaintiffs' counsel of the *offer*, which Defendants represented occurred via electronic mail on October 27, 2020.  Dkt. 59.  However, no party filed the fourth required item, proof of service of the *notice of acceptance of the offer*.  The Court therefore ordered the parties to do so on November 13, 2020.  Dkt. 60.  On November 19, 2020, Plaintiffs filed a certificate of service in which Plaintiffs' counsel "certifie[d] that on November 5, 2020, [counsel] caused a written notice of Plaintiffs' acceptance of Defendants' Offer of Judgment Pursuant to Rule 68 to be served, by electronic mail, via ECF filing (Docket No. 54)."  Dkt. 61.

The question here is thus whether Plaintiffs' ECF filing of the notice of acceptance on November 5, 2020, *see* Dkt. 54, may also satisfy the requirement that Plaintiffs "serve[] written notice accepting the offer."  Fed. R. Civ. P. 68(a).  After close review of the language of Rule 68(a), the Court is not currently convinced that it can.

First, the text of Rule 68(a) contains an important "if/then" statement: "*If*, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may *then* file the offer and notice of acceptance, plus proof of service."  *Id.* (emphasis added).  This suggest that a plaintiff must serve the notice accepting the offer before either party may file with the Court the necessary Rule 68(a) documents.  Plaintiffs ask the Court to allow this process to occur simultaneously.  However, the conditional statement in Rule 68(a) seems to contemplate otherwise.

Second, with regard to the actual filing of these documents, Rule 68 separately enumerates the filing of "proof of service."  *Id.* (explaining that a party must file the offer and the notice of

2

acceptance, "*plus* proof of service") (emphasis added).  The use of the word "plus" indicates that "proof of service" is a separate document from the offer or the notice of acceptance.  Plaintiffs ask the Court to treat a document memorializing the ECF filing of the notice of acceptance as proof of service.  But this would mean that a party would not have proof of service until it began the filing process.  In other words, only once a party filed the notice of acceptance would it be able to file proof of service.  This again seems to violate the clear language of the Rule, which contemplates that all required documents exist at the time the filing process begins.

The Court is unaware of any authority stating that ECF filing of the notice of acceptance may constitute service or that a document memorializing that filing may constitute "proof of service" under Rule 68(a).  If any party wishes to submit a letter of no more than three pages directing the court to authority supporting this position, the party may do so by December 15, 2020.  But at this time, the Court will not direct the Clerk to enter judgment because the parties have not complied with the requirements of Rule 68(a).

Alternatively, if Plaintiffs served their notice of acceptance "within 14 days after being served" the offer, by means other than the aforementioned ECF filing, they may file such proof of service within one week of the filing of this Order.  If the parties instead wish to begin anew the process pursuant to Rule 68(a) so that all Rule 68(a) requirements clearly are met, they are free to do so.

In all events, the parties shall file a joint letter updating the Court on the status of this case by December 22, 2020.

SO ORDERED.

Dated: December 1, 2020
     New York, New York

JOHN P. CRONAN
United States District Judge